IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ARMAND I. BAKER,

    Plaintiff,

v.

DEPUTY DOHERTY,

    Defendants.

OPINION and ORDER

Case No. 18-cv-316-wmc

*Pro se* plaintiff Armand I. Baker is proceeding in this action under 42 U.S.C. § 1983, claiming that Deputy Sarah Doherty prevented him from praying in accordance with his Muslim beliefs and discriminated against him because he is Muslim in violation of the First and Fourteenth Amendments. Now before the court is defendant Doherty's motion for summary judgment for Baker's failure to exhaust his administrative remedies. (Dkt. #22.) For the reasons that follow, the court will grant defendant's motion in part and dismiss Baker's Fourteenth Amendment equal protection claim without prejudice.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally speaking, a prisoner must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following the prison's administrative rules for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005),

*and* filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place . . . at the time." *Pozo*, 286 F.3d at 1025.

The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (prison staff need notice of a problem and an opportunity to address it). If a prisoner fails to exhaust his administrative remedies before filing a lawsuit, then the court *must* dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing plaintiff's failure to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

During the relevant time period, the Dane County Jail had policies and procedures in place that governed inmate grievances. Policy 607.07 lays out the proper way for inmates to file grievances and the grounds by which grievances may be rejected by the Jail's administration. Part of this policy is an appeal process, which requires inmates who are dissatisfied with the Jail's response to their initial grievance to appeal that decision within five business days of its receipt.

On August 3, 2016, Baker filed a grievance about an incident in which Doherty interrupted his prayer, laughed at him, and told him that he could not pray in the dayroom. Specifically, Baker alleged as follows:

> On August 3, 2016, I was doing Salah in the dayroom when Deputy Doherty came in for a cell check. When she was approaching me inmate Eric Scott instructed Deputy Doherty that "you can't walk in front of him while he's praying because it will make his Salah invalid. And you just looked through the window and counted me so you didn't have to walk in front of him." I then had to stop my prayer when she stood there with her buttocks in my

2

> face.  And then laughed when I showed distress about disrupting my prayers.
> I wish for the following damages of an apology and others.

(Elve Aff. Ex. B (dkt. #24-2) 27-28.)  Baker did not expressly allege in grievance number 22243 that Doherty said anything about his Muslim faith or about his religious beliefs at all.  Finding that Doherty's actions were appropriate -- since she was conducting a security check at the time and Baker could have prayed in his cell -- jail staff dismissed it.  (*Id.*)

On August 18, 2016, Baker filed his appeal of grievance 22243, alleging:

> On 8/3/15 I was making my morning prayer in the dayroom which it is not and was not justified in any of the rules in the rule book[.]  I was not praying in my cell because two inmates can't pray in the same room.  That's why in my initial grievance I stated the inmate's name that I was preparing to pray with.  I can provide several requirements for observing the Islamic religion.  I feel that it was not lawful and proper because (A) you don't walk in front of someone while they are praying and for you to mention things that I did not write this grievance to address jail uniforms and lien on bars.  I wrote this because I felt my rights [were] violated.

(*Id.* at 25.)  On August 23, 2016, Baker's appeal was denied, and the initial finding that Doherty's actions were lawful was affirmed.

Defendant argues that Baker failed to exhaust his administrative remedies with respect to both of his constitutional claims in this lawsuit because Baker did not use language suggesting discrimination based on his Muslim faith.  More specifically, Baker did not mention in either his initial grievance or in his appeal Doherty's comments as alleged in his complaint in this case about his religious practices -- that his prayer was "not normal"; "we don't put our face to the floor"; or "you not supposed to be praying in the dayroom."

Defendant's argument has merit with respect to Baker's Fourteenth Amendment equal protection claim, but not his First Amendment free exercise claim.  The purpose of

3

the exhaustion requirement is to afford jail officials the opportunity to respond internally to complaints before litigation. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *see Smith v. Zachary*, 255 F.3d 446, 450-51 (7th Cir. 2001). To provide sufficient notice of prisoners' claims, grievances must be filed following the jail's policy, and provide information required by the applicable administrative rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). If the rules are silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 650; *see Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

The court is not satisfied that the information Baker provided in grievance 22243 gave jail staff the opportunity to address Baker's belief that Doherty singled him out for mistreatment *because of* his religious beliefs. As noted, neither Baker's grievance nor his appeal mentioned any improper statements by Doherty about his Muslim religious practices or worse treatment because he is Muslim. As such, jail staff were not able to investigate whether Doherty mistreated him because of his Muslim faith in particular. Accordingly, Baker failed to exhaust his administrative remedies with respect to his equal protection claim.

That said, defendant has not proven that Baker failed to exhaust his administrative remedies as to his First Amendment free exercise claim. In his grievance, Baker expressly challenges the steps Doherty alleged took to prevent him from praying in the day room. Jail staff responded directly and substantively to that complaint, finding that Doherty was justified doing so. Baker then appealed the outcome of his grievance, and defendant does not otherwise claim Baker did not properly exhaust. While Baker did not expressly invoke

the First Amendment or mention his free exercise rights, his allegation that Doherty prevented him from praying in the only space practically available provided jail staff with more than enough information to infer that he was invoking that right. Accordingly, defendant's motion will be granted in part and denied in part.

ORDER

IT IS ORDERED that:

1. Defendant Doherty's motion for summary judgment (dkt. #22) is GRANTED in part and DENIED in part.

2. Plaintiff Armand Baker's Fourteenth Amendment equal protection claim is DISMISSED without prejudice.

Entered this 28th day of April, 2020.

BY THE COURT:

/s/

WILLIMAM M. CONLEY
District Judge